**SHOOK, HARDY & BACON L.L.P.**
Tammy B. Webb (SBN 227593)
tbwebb@shb.com
Aubrey Kramer (SBN 359426)
akramer@shb.com
Caitlin Crable (SBN 363598)
ccrable@shb.com
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1904 | Fax: (415) 391-0281

Mitchell F. Engel (*Pro Hac Vice*)
mengel@shb.com
2555 Grand Blvd
Kansas City, MO 64108
Tel: (816) 474-6500 | Fax: (816) 421-5547

*Counsel for Defendant The Campbell's Company*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

MARGARET PEGGI LOUISE GARVEY, on behalf of herself and all others similarly situated,

Plaintiff,

v.

THE CAMPBELL'S COMPANY,

Defendant.

Case No. 3:26-cv-03097-JD

**DEFENDANT THE CAMPBELL'S COMPANY'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION UNDER CIVIL L.R. 6-3 AND 7-11 TO VACATE THE OCTOBER 29, 2026 HEARING ON DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TO CONTINUE IT TO DECEMBER 10, 2026**

Hearing Plaintiff Seeks to Vacate:
Date: October 29, 2026
Time: 11:00 a.m. (Dkt. No. 37)
Location: Courtroom 11, 19th Floor
Judge: Honorable James Donato

## INTRODUCTION

Campbell's has been seeking an order from this Court dismissing Plaintiff's claims under Rule 12 since June 29, 2026. Yet every time Campbell's gets a step closer to obtaining such an order, Plaintiff attempts to delay a ruling by filing an amended complaint. Plaintiff's most recent motion to amend comes 53 days after Campbell's motion to dismiss Plaintiff's first amended complaint was fully briefed, 46 days after the Court's deadline to amend has passed, and 12 days after Campbell's originally calendared a hearing on its motion to dismiss.

As Campbell's explained in its opposition to Plaintiff's motion to amend, Dkt. No. 40, Plaintiff cannot merely tack a recently published scientific study onto her amended complaint to satisfy the "good cause" requirement for amending the pleading deadline under Rule 16. Additionally, none of Plaintiff's proposed amendments are directed to—much less fix—the deficiencies first identified by Campbell's almost four months ago, so her proposed amended complaint is futile under Rule 15.

The Court should deny Plaintiff's motion to vacate the October 29 hearing, deny Plaintiff's request to file a Second Amended Complaint, and grant Campbell's motion to dismiss with prejudice. That is the best and most efficient way to move this litigation forward.

## BACKGROUND

The procedural history of this case demonstrates how Plaintiff's delay tactics have repeatedly postponed a ruling on Campbell's motion to dismiss.

- Plaintiff filed her original complaint on April 10, 2026. Dkt. No. 1. Campbell's filed its motion to dismiss on June 29, 2026. Dkt. No. 22.
- Instead of filing an opposition, Plaintiff filed her first amended complaint on July 20, 2026. Dkt. No. 29. Campbell's filed its motion to dismiss the FAC on August 7, 2026, Plaintiff opposed on August 21, 2026, and Defendant replied on August 28, 2026. Dkt Nos. 33, 34, 35.
- Campbell's scheduled the hearing on its motion to dismiss Plaintiff's FAC for October 8. To accommodate a conflict for Plaintiff's counsel, Campbell's agreed to continue the hearing until October 29. Dkt. No. 36.
- The Court entered a Scheduling Order on August 4, 2026, setting September 4, 2026 as the

deadline to amend pleadings. Dkt. No. 31 at 1. The Order also stated that "All dates set by the Court should be regarded as firm. Counsel may not modify these dates by stipulation without leave of court. Requests for continuances are disfavored." *Id.* at 2.

- Plaintiff filed a motion for leave to file a second amended complaint on October 20, 2026 and, on October 22, 2026, Plaintiff filed an Administrative Motion to vacate the October 29, 2026 hearing on Campbell's motion to dismiss. Dkt. Nos. 38, 39. Campbell's opposed Plaintiff's motion to amend on October 23, 2026, Dkt. No. 40.

Plaintiff's motion to vacate the October 29 hearing—like Plaintiff's motion to amend—is based on the premise that her need to amend (and therefore need to vacate the hearing) arose on October 14 when *Nature* published a new study on microplastics. *See* Dkt. 39 at 2. However, as Campbell's explained in its opposition to Plaintiff's motion to amend, Plaintiff only added the *Nature* study to a ***second*** draft of the Second Amended Complaint ("SAC") ***after*** Campbell's refused to consent to a ***first*** draft of the SAC, in part, because all of the studies added to the first draft of the SAC predated the deadline to amend so there could be no "good cause" or diligence under Rule 16. Dkt. 40 at 1, 3-5. Additionally, neither the *Nature* study nor any of the other proposed changes to the SAC resolve the pleading deficiencies identified in Campbell's motion to dismiss, so Plaintiff's proposed SAC is futile under Rule 15. *Id.* at 1-2, 6-9.

## ARGUMENT

### A. Proceeding with the October 29, 2026 hearing on Campbell's motion to dismiss Plaintiff's FAC is the most efficient path forward.

Plaintiff argues the October 29 hearing should be vacated because Plaintiff has requested leave to file a SAC, which, if granted, would moot Campbell's current motion to dismiss. Plaintiff's motion proceeds on the assumption that Plaintiff will prevail on the very issue in dispute: whether Plaintiff is entitled to amend her complaint at all. But unless the Court grants Plaintiff's motion for leave, Plaintiff's FAC remains the operative pleading. Proceeding with the October 29 hearing as currently scheduled is therefore the most efficient path forward for three reasons: (1) Plaintiff's motion to amend is unlikely to be granted because it does not satisfy Rule 16's good cause requirement, (2) Plaintiff's

proposed amendments are futile because none of them address—let alone ameliorate—the pleading deficiencies identify by Campbell's motion to dismiss, and (3) what the parties learn from the Court's ruling on Campbell's motion to dismiss will guide what Plaintiff must include in any potential future amended pleading.

***First***, Plaintiff's motion for leave is likely to be denied because it cannot satisfy Rule 16's good cause standard. Plaintiff's motion is premised on her claim that her need to amend arose when a new study about microplastics was published in *Nature* on October 14, 2026. But as Campbell's explained in its opposition to Plaintiff's motion, Dkt. No. 40 at 3-5, the timeline of events preceding Plaintiff's motion to amend belies Plaintiff's assertion. The first proposed SAC Plaintiff sent to Campbell's did not even include the *Nature* study. It was only after Campbell's told Plaintiff it would not consent to Plaintiff's proposed SAC that Plaintiff sent a second draft SAC in which she cited the *Nature* study for the first time and began to claim the *Nature* study established good cause to amend. This pretextual addition of a new study to an already proposed amended pleading is not the good cause required under Rule 16.

***Second***, Plaintiff's proposed SAC is futile as it does not address the pleading deficiencies identified in Campbell's motion to dismiss. As explained in Campbell's opposition to Plaintiff's motion for leave to amend, Dkt. No. 40 at 5-9, there are at least two pleading deficiencies in Plaintiff's FAC left completely unaddressed by the proposed SAC that are dispositive to all her claims: (1) Plaintiff fails to plausibly plead that the level of microplastics released from Campbell's Products when microwaved exceeds a level at which harm to humans may occur and (2) Plaintiff's claims are preempted by USDA and FDA regulations. Neither Plaintiff's proposed SAC nor the new *Nature* study address or remedy these pleading deficiencies identified by Campbell's.[1] *See* Dkt. No. 40 at 5-

[1] Plaintiff's amendments also do not address the other arguments raised in Campbell's motion to dismiss, such as (1) Plaintiff's failure to plausibly allege a price premium, (2) Plaintiff's lack of standing to request injunctive relief, (3) Plaintiff's failure to plausible allege the label saying "Microwavable" is an affirmative representation the Products do not contain microplastics, (4) Plaintiff's failure to establish the alleged defect is material and central to the Products' function, (5) that Campbell's knew or should have known of the alleged defect at the time Plaintiff purchased the Product, or (6) that Plaintiff's warranty and unjust enrichment claims fail for the same reasons her

9. The *Nature* study is a technical article about whether "microplastics exhibit intrinsic physicochemical activity in water." *Id.* at 6. It is not a test of Campbell's Products. It says nothing about the amount of microplastics allegedly released by Campbell's Products when microwaved. It says nothing about the interaction between polypropylene and food. It says nothing about consumption of microplastics. It says nothing about the level of microplastics that are alleged to be associated with adverse human health. And it says nothing about preemption or USDA or FDA regulations. Because Plaintiff's proposed SAC does not address the pleading deficiencies outlined in Campbell's fully briefed motion to dismiss, Plaintiff's request to amend her complaint should be denied as futile, and the October 29 hearing should proceed as scheduled.

***Third***, the Court should rule on Campbell's motion to dismiss Plaintiff's FAC before further amendment is considered as the Court's ruling will provide a roadmap to Plaintiff on how (if possible) her complaint can be amended to avoid dismissal.

- If the Court grants Campbell's motion to dismiss with prejudice, the case is over and there is no need to evaluate whether Plaintiff should be granted leave to amend.
- If the Court denies Campbell's motion to dismiss, there will be no prejudice to Plaintiff proceeding forward on her FAC as she may still use the studies she added to the draft SAC during discovery, through expert testimony, and at later stages of the case.
- If the Court grants Campbell's motion to dismiss without prejudice, Plaintiff may use the ruling to determine whether she can seek to amend in ways tailored to address the issues identified by the Court in dismissing the FAC.

Because Plaintiff's request to amend is likely to be denied and the Court's ruling on Campbell's fully briefed motion to dismiss will provide guidance on future pleadings, the Court should deny Plaintiff's Administrative Motion to vacate the October 29 hearing.

---

statutory consumer fraud claims fail.

### B. Delaying the October 29 hearing on Campbell's fully briefed dispositive motion serves only to prejudice Campbell's and prolong the litigation.

Plaintiff's remaining argument—that vacating the October 29 hearing promotes efficiency and will not prejudice Campbell's—is speculative and wrong. The October 29 hearing would be unnecessary *only* if Plaintiff succeeds in obtaining leave to amend her complaint, which, as explained above, is unlikely to occur. And further, contrary to Plaintiff's argument, vacating the October 29 hearing would actually create an inefficient sequencing problem that prejudices Campbell's. If the Court vacates the hearing but later denies Plaintiff's motion for leave, the Court will have delayed resolution of Campbell's motion to dismiss for no reason. Proceeding with the hearing as scheduled avoids that risk and preserves the Court's ability to address the sufficiency of the operative complaint regardless of the outcome of Plaintiff's motion for leave. Plaintiff's Administrative Motion also fails to identify any prejudice from proceeding with the October 29 hearing as scheduled. The hearing concerns the operative complaint presently before the Court. Campbell's has devoted substantial resources to briefing the motion and preparing for the hearing, and the Court has already set a hearing date and allocated judicial resources to resolving a fully briefed motion.

## CONCLUSION

Campbell's respectfully requests the Court deny Plaintiff's Administrative Motion to vacate or continue the October 29, 2026, hearing on Campbell's motion to dismiss Plaintiff's FAC.

Dated: October 26, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON, LLP**

By: */s/ Tammy B. Webb*

Tammy B. Webb
Mitch Engel
Aubrey Kramer
Caitlin Crable

*Counsel for Defendant The Campbell's Company*